UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK ANTHONY JONES,** ) | |
| ) | **Case Numbers:** |
| vs.                             ) | CR  01-S-211-S |
| ) | CV  04-S-8009-S |
| **UNITED STATES OF AMERICA.**   ) | |

**MEMORANDUM OF OPINION**

The magistrate judge entered a report on April 10, 2006, recommending that the motion to vacate, set aside, or correct a sentence by a person in federal custody, filed by Mark Anthony Jones pursuant to 28 U.S.C. § 2255, be denied. The parties were allowed fifteen days in which to file objections. On May 5, 2006, however, an order was entered allowing Jones until June 1, 2006 in which to file objections. On May 30, 2006, Jones filed objections to the magistrate judge's findings and recommendation.

In his objections, Jones argues that the magistrate judge failed to address his argument that he received ineffective assistance of counsel, based upon the failure of trial and appellate counsel to argue that he was not aware that a firearm was in the bottom of the bag containing other stolen items. Contrary to that assertion, however, the record discloses that trial counsel filed an objection to the presentence report, in which he stated: "There is no evidence that defendant knew of the presence of the firearm in the plastic bag." (doc. no.14). At sentencing, trial counsel requested that this sentence

be stricken from the objection, on the ground it "is inconsistent with his plea that he entered previously." (Sentencing transcript, pp. 2-3). In that regard, the following occurred during the Rule 11 plea colloquy:

> At the plea hearing, the following occurred:
>
> THE COURT: Now, if we tried this case to a jury, I would explain to them certain things. I would tell them that a firearm as it's generally understood . . . includes such things as a revolver, a semi automatic pistol, a rifle or a shotgun. I would tell them, however, that your possession of a firearm had to be knowingly possessed. That means that you possessed it voluntarily and intentionally and not because of mistake or accident. It also means that you knew the weapon was a firearm as we commonly use that term. However, the Government would not be required to prove that you knew you were violating the law when you possessed the weapon.
>
> . . . .
>
> Now, if you are carrying a gun in a bag, and what you have actual possession of is the bag that encompasses the gun, then as Mr. McGregor says, it takes on aspects of both actual and constructive possession.
>
> What's important here for you to understand, Mr. Jones, is that the Government would have to prove that you knew the bag you were carrying contained a firearm, because I come back to where I began. Your possession of this firearm must be proven to have been knowing in the sense that you possessed this firearm voluntarily and intentionally, and not because of mistake or accident. Do you understand what I have just said to you?
>
> MR. JONES: Yes, I understand.

. . . .

| | |
|---|---|
| THE COURT: | Now, Mr. Jones, I want to emphasize that you are not required to enter a plea of guilty.  You are free even at this time to withdraw your plea of guilty and to reinstate the not guilty plea you first entered on June 14th if you desire to do so.  Have you heard anything here today that causes you to want to reconsider you decision to enter this plea of guilty? |
| MR. JONES: | No, sir. |
| THE COURT: | Let me put the question to you a different way and more directly: Do you still desire to enter your plea of guilty to the offense in this indictment? |
| MR. JONES: | Yes, sir. |

(Plea transcript, pp. 27-28, 29, 35).

As the foregoing quotations from the transcript of this courts plea colloquy with Mark Anthony Jones clearly show, Jones was advised by the court that possession of the firearm had to be knowing and intentional.  Further, he was given the opportunity to reconsider his decision to enter the plea, but he nevertheless,  chose to plead guilty.  In light of these facts, trial counsel was not ineffective in withdrawing the objection based upon defendant's alleged lack of awareness of the firearm, and  appellate counsel was not ineffective for not presenting this claim on appeal.  The underlying claim of lack of awareness of the firearm was not only inconsistent with Jones's plea colloquy, but was also not preserved for review on appeal.

Jones also argues in his objections that the magistrate judge should have addressed his retroactivity argument before concluding that *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.), *cert. denied,* ____ U.S. ____, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005) barred him from benefitting from *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2004). In *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001), which was decided before Jones's conviction was final, the Eleventh Circuit Court of Appeals held that *Apprendi* was a new rule of criminal procedure, that under *Teague* new rules of criminal procedure could not generally be applied retroactively to final convictions, and that *Apprendi* did not fall within the two exceptions to *Teague* 's non-retroactivity rule. *Id.* at 1255-58. In *Varela, supra,* the Eleventh Circuit Court of Appeals held that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2004), do not apply retroactively to an initial § 2255 case. *See also*, *Dohrmann v. United States,* 442 F.3d 1279 (11th Cir. 2006). To the extent that Jones argues that the "*Booker* decision applies retroactively on collateral review as an interpretation of the Federal Sentencing act," the Eleventh Circuit has specifically recognized that "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission." *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation, the Court is of the opinion that the magistrate judge's findings are due to be, and they are hereby, ADOPTED and his recommendation is ACCEPTED. The objections are OVERRULED. Accordingly, the motion to vacate is due to be DENIED. A Final Judgment will be entered.

DONE this 3rd day of July, 2006.

_____
United States District Judge